■ BARBARA A. CARGEL, Respondent, et al., Plaintiff, v. CITY OF YONKERS et al., Appellants-Respondents, and MESSINA & BRIANTE, INC., Appellant.— In a consolidated action by Barbara Ann Cargel and James W. Cargel to recover damages for personal injuries, in which a cross complaint for liability over against the defendant Messina & Briante, Inc., was interposed by the defendants, the City of Yonkers and Standard Bitulithic Company, all three defendants appeal from a judgment of the Supreme Court, Westchester County, entered April 15, 1958, for $35,225.95, upon a jury's verdict of $35,000 against them, in favor of plaintiff Barbara Ann Cargel. (Said defendants respectively are hereafter referred to as

Messina, The City and Standard.) Messina also appeals from a judgment of the same court for $35,225.95, entered October 14, 1958, upon the decision of the court on the cross complaint, in favor of The City and Standard against Messina. Judgment of April 15, 1958, affirmed, with costs against defendant Messina only. No opinion. Judgment of October 14, 1958, affirmed, without costs. Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., dissents and votes to reverse both judgments and to grant a new trial on the ground that the verdict is against the weight of the credible evidence. Ughetta, J., dissents and votes to reverse the judgments and to dismiss the complaint and cross complaint, with the following memorandum: In accordance with resurfacing construction in Getty Square, Yonkers, the defendant subcontractor Messina, as of Friday October 9, 1953, had raised the manhole nearest Palisades Avenue, had chopped out surrounding old pavement, had filled in around it with concrete and mounded up the surrounding area with blacktop. Palisades Avenue as it led into the Square had been resurfaced. From its mouth south to the manhole cover, a distance of 50 feet, the area was covered in part by blacktop and in part by the old block pavement. The immediate area of the manhole cover was covered by an apron of blacktop. Measurements and photographs of the area show that for a distance of about eight feet therefrom in all material directions there was an average rise of about five inches, including the cover. The proof of defendants to the effect that the manner of doing the work was in accordance with recognized and approved practice, is undisputed. The proof on behalf of plaintiff is that on the following Sunday, October 11, 1953, the automobile in which she was a passenger sitting in the right front seat, was proceeding into the Square from the Avenue at 10 miles per hour, when it stopped so suddenly as to precipitate her head through the front windshield. The driver denied that the brake had been applied. Plaintiff adduced proof from which she urges that an inference may be drawn that the sudden and complete stop was caused by the impact between the manhole cover and a bar which was underneath the automobile (and a part of its understructure) and which was from 8 to 10 inches above the ground. Irrespective of the impressive showing that the accident could not possibly have occurred by reason of the slightly upraised manhole cover, the complaint should be dismissed because there was no showing of negligence on the part of defendants.